UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY ALAN STARNER,

        Petitioner,

vs.                            Case No. 3:08-cv-839-J-12JRK

WALTER A. MCNEIL, et al.,

        Respondents.

-----------------------------------------------

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On September 4, 2008, the Court ordered Petitioner to file an amended petition on the standard habeas petition form. Doc. #7. Further, the Court notified Petitioner that failure to do so within twenty days of the order would result in the dismissal of this action without further notice. Id. Petitioner was granted a ninety day extension of time. Doc. #10. Petitioner was denied leave to exceed the page limit; however, he was allowed to file a separate memorandum of law limited to twenty pages. Doc. #12. Additionally, he was advised that he would be allowed to file a reply to any response filed by the state. Id. On February 5, 2009, Petitioner was given thirty days to comply with the Court's orders. Id. Instead of complying with the Court's orders, Petitioner filed motions for reconsideration, to file excess pages and for clarification. These motions were denied. Docs. #14 & #16.

The thirty-day extension provided for in the Court's Order of February 5, 2009, has long passed. As of the date of this Order, Petitioner has failed to file an amended petition as ordered by the Court. Petitioner has had more than sufficient time to comply with this Court's orders.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is **DISMISSED** without prejudice.[1]

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __3 Rd__ day of June, 2009.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 6/2
c:
Randy Alan Starner

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts.  See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period.  See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).