UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY ALAN STARNER,

    Petitioner,

vs.                                          Case No. 3:08-cv-839-J-12JRK

WALTER A. MCNEIL, et al.,

    Respondents.

---

**ORDER OF DISMISSAL WITH PREJUDICE**

**I. Status**

Petitioner initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 26, 2008.[1] He is proceeding on an Amended Petition (Doc. #23) (hereinafter Amended Petition) and a Memorandum of Law (Doc. #24), filed on June 24, 2009, pursuant to the mailbox rule. The Amended Petition challenges a March 4, 2005, state court conviction for first degree murder on four grounds: (1) a challenge to the state's claim that it never received a copy of the petition alleging ineffective assistance of appellate counsel and to the

---

[1] The Petition was filed in this Court on August 29, 2008; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed his Petition and handed it to prison authorities for mailing to this Court (August 26, 2008). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate *pro se* state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

state's failure to respond to a show cause order; (2) ineffective assistance of appellate counsel for submitting a facially insufficient appeal brief; (3) ineffective assistance of appellate counsel for failure to raise fundamental errors of the trial court on direct appeal; and (4) ineffective assistance of trial counsel.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' October 14, 2009, Response to Petition (Doc. #26) (hereinafter Response). In support of their contentions, they have submitted exhibits.[2] See Appendix (Doc. #28).

Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. #25), filed July 16, 2009. Petitioner's Reply to Respondents' Response to Petition (Doc. #29) (hereinafter Reply) and Exhibits (Doc. #30) were filed on November 17, 2009, pursuant to the mailbox rule. Petitioner has withdrawn ground one from consideration by this Court. See Reply at 20-21.

## II. Timeliness

Petitioner's conviction was per curiam affirmed on direct appeal on November 8, 2005. Ex. 5. The mandate issued on November 28, 2005. Ex. 10. The conviction and sentence became final on February 6, 2006, upon expiration of the ninety-day period to file

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

a petition for writ of certiorari with the United States Supreme Court. See Supreme Court Rule 13.3 (providing that the ninety-day period for filing a petition for writ of certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate); Chavers v. Sec'y Florida Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (per curiam). Petitioner filed a Rule 3.850 motion on January 17, 2006, pursuant to the mailbox rule. Ex. 11. Thus, the one-year limitations period remained tolled. The Rule 3.850 motion was denied on February 9, 2006. Ex. 12. Giving Petitioner the benefit of the time to appeal, the one-year period remained tolled until thirty days to appeal the denial of the Rule 3.850 motion expired on March 11, 2006, a Saturday. Response at 12. Thus, the period remained tolled through Monday, March 13, 2006.

Petitioner had 365 days to file his federal habeas petition. The one-year period expired on Wednesday, March 14, 2007. The federal petition was untimely filed on August 26, 2008, pursuant to the mailbox rule. Petitioner did not file any applications for post-conviction relief in state court from March 14, 2006, through March 14, 2007.[3] Thus, any state court post-conviction motions

---

[3] The various motions Petitioner filed did not constitute applications "for State post-conviction or other collateral review with respect to the pertinent judgment" under 28 U.S.C. § 2244(d)(2). See Ex. 13 - Ex. 22, Ex. 25. See Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1295 (11th Cir. 2008). Instead, Petitioner was filing motions to disqualify the judge, motions to vacate orders, motions to correct records or filing dates and other

4

filed thereafter did not toll the federal one-year limitations period because it had already expired on March 14, 2007.[4] See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

The Court notes that on November 28, 2006, pursuant to the mailbox rule, Petitioner filed a Motion to Strike Appellate Counsel's Initial Brief of Appellant in the Fifth District Court of Appeal, with a document attached entitled Ineffective Assistance Appellate Counsel Fla. R. App. P., Rule 9.141(c).[5] Petitioner's

---

extraneous matters, which did not seek review of the judgment pursuant to which Petitioner is incarcerated. In short, these motions were not applications for collateral review.

[4] The second Rule 3.850 motion was not filed until March 31, 2007, pursuant to the mailbox rule, after the one-year limitations period expired. Ex. 23.

[5] Although Petitioner claims that he inadvertently attached the petition claiming ineffective assistance of appellate counsel to the Motion to Strike, Reply at 7, the Ineffective Assistance of Appellate Counsel attachment is referenced in the Motion to Strike. Petitioner's Exhibit J at 31 (Doc. #30).

Exhibit J (Doc. #30).[6] The Fifth District Court of Appeal, on August 6, 2007, held:

> Inasmuch as Appellant's "Ineffective Assistance of Appellate Counsel" Petition was only received by this Court as an attachment to Appellant's Motion to Strike in the above-styled appeal, it is
>
> ORDERED that Appellant's Motion for Clarification, filed July 25, 2007, is granted and Appellant is advised that the Court has not ruled on the Ineffective Assistance Appellate Counsel Petition **as it was not properly filed with this Court.** Therefore, Appellant may file a timely petition alleging ineffective assistance of appellate counsel.

Petitioner's Exhibit L (Doc. #30).

"*[N]o matter their form*" and regardless of whether they are "jurisdictional, an affirmative defense, or something in between," state rules which establish filing conditions fall within the meaning of properly filed. Allen v. Siebert, 552 U.S. 3, 5-7 (2007). Petitioner has not demonstrated that the filing requirement employed by the Fifth District Court of Appeal is a rule that is not firmly established and regularly followed. Since the petition for writ of habeas corpus claiming ineffective assistance of appellate counsel was not properly filed with the state court, it did not trigger the tolling provision of § 2244(d)(2) before the limitations period ended.

---

[6] The relief requested in the Motion to Strike was the striking of appellate counsel's brief and the resetting of the clock for briefing schedule purposes.

6

Furthermore, the September 12, 2007, Petition for Consideration (filed September 9, 2007, pursuant to the mailbox rule), alleging the ineffective assistance of appellate counsel, did not serve to toll the limitations period because the one-year period of limitations expired on March 14, 2007, prior to its filing. Petitioner's Exhibit M (Doc. #30). See Petitioner's Exhibit W (Doc. #30) (the February 11, 2008, order denying the September 12, 2007, petition alleging ineffective assistance of appellate counsel).

### III. Equitable Tolling

The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily

surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Upon review, Petitioner has not established due diligence on his part. Indeed, there were no circumstances preventing Petitioner from timely filing a federal habeas petition. Petitioner is not entitled to equitable tolling of the limitations period. The circumstances were not beyond Petitioner's control. Petitioner has not overcome the high hurdle of showing extraordinary circumstances, and he has failed to present a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.

### IV. Actual Innocence

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the

8

> threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

This Court finds that Petitioner has not made a showing of actual innocence. He has not offered any new reliable evidence that was not available at the time of trial. Petitioner has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.

This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006). Thus, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

## V. Conclusion

In sum, Petitioner has failed to present a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Petitioner had ample time to exhaust state

remedies and prepare and file a federal petition. Accordingly, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## VI. Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. If Petitioner appeals, **the Court denies a certificate of appealability.** Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

2. Respondents' October 14, 2009, Response to Petition (Doc. #26), requesting dismissal of the petition as untimely, is **GRANTED**, and the case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30TH day of June, 2010.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 6/30
c:
Randy Alan Starner
Ass't A.G. (Compton)